UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 1:19-CR-28-HAB |
| ) | |
| LAFAYETTE L. CARR ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Compassionate Release Due to Danger from the Coronavirus Pursuant to 18 U.S.C. § 3582 (ECF No. 64) and his supplement to that motion. (ECF No. 67). On the same day the Court received the Defendant's supplement, the Government filed its response. The Defendant replied on February 22, 2021, and, in addition, filed a Motion to Proceed Pro Se (ECF No. 70). Because the Defendant failed to demonstrate he exhausted his administrative remedies, including pursuing an administrative appeal, his quest for compassionate release must be denied.

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 68 at 5–8), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2)

he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A).

Here, Defendant's supplement demonstrates that on October 28, 2020, he requested compassionate release from the Warden at FCI Cumberland. On November 20, 2020, the Acting Warden at the facility denied his request and indicated that the Defendant "may appeal using the Administrative Remedy process at the institution level within (20) calendar days." (ECF No. 67 at 2). Defendant has not submitted anything further to the Court demonstrating that he completed the administrative appeal process available to him. Accordingly, the Court cannot conclude from Defendant's filings that he has met the threshold exhaustion requirement.

Unless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot consider the merits of his compassionate release request. Therefore, his motion requesting compassionate release (ECF No. 64) is DENIED. Defendant's Motion to Proceed Pro Se (ECF No. 70) is deemed MOOT as the Defendant is already proceeding in a pro se capacity before this Court.

SO ORDERED on March 2, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT